*E-Filed 4/5/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIOSTREAM, INC., | Case No. C 10-5762 RS |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO STAY AND DISPOSING OF PLAINTIFF'S MOTION RE SERVICE ISSUES** |
| ACER, INC., et al., | |
| Defendants. | |

In this action, plaintiff Mediostream, Inc. charges defendants with infringement of U.S. Patent No. 7,843,508. Defendants move to stay this case pending reexamination of the '508 patent by the United States Patent and Trademark Office ("PTO"). Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument. The hearing and the Case Management Conference set for April 7, 2011 are vacated.

While this Court does not grant stays based on the existence of reexamination proceedings routinely or as a matter of course, defendants have adequately shown, and Mediostream has effectively conceded, that the particular facts and circumstances of this case render imposing such a stay appropriate. Defendants' motion is therefore granted.

Mediostream's request that, notwithstanding the stay, defendants be required to file responsive pleadings and to disclose "all known prior art" within ten days is denied. Mediostream

has failed to show that imposing such conditions is necessary to prevent undue prejudice or otherwise appropriate in light of the interests served by the stay.

The stay does not preclude Mediostream from moving to transfer this action, should circumstances arise giving it a good faith basis to do so. Were this Court to conclude that the case should be transferred, however, the stay would remain in effect until and unless the transferee court exercised its discretion to lift it. Accordingly, it is not immediately apparent that Mediostream would have a cognizable interest in having the matter transferred until such time as circumstances also warrant lifting the stay.

Mediostream has also filed a motion seeking, in effect, the Court's preapproval of a method of service it intends to employ as to defendant Sony Corporation, a Japanese entity, as well as additional time in which to accomplish such service. In view of the ruling that defendants will not be required to respond to the complaint during the pendency of the stay, Mediostream's asserted need to resolve the service issue on an expedited basis is largely moot. During the pendency of the stay, Mediostream may proceed with efforts to serve Sony by any method it believes is appropriate and legally sufficient. Mediostream should act diligently, but it need not apply for additional time to accomplish service unless and until it appears that it will be unable to do so before the stay is lifted. Sony's time to respond to the complaint after service has been accomplished shall not begin to run while the stay is in effect, and Sony should be provided with a copy of this order with the summons and complaint.

The parties shall promptly notify the Court upon conclusion of the proceedings in the PTO. In the interim, they shall file joint status reports every 120 days.

IT IS SO ORDERED.

Dated: 4/5/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE